UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ALLEGIANCE COMMERCIAL | § | Case No. 10-43853-BTR-11 |
| DEVELOPMENT, L.P.[1], et al., | § | (Jointly Administered) |
| | § | |
| Debtors. | § | Chapter 11 |
| | § | |
| | § | Expedited Hearing Requested |
| | § | on or before: April 15, 2011 |
| | § | |

**DEBTORS' MOTION FOR AUTHORITY TO ASSIGN THE WRA AGREEMENT
AND ASSUME AND ASSIGN THE SONIC LEASE**

**TO THE HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE:**

**COME NOW**, the Debtors in the above-captioned cases, and respectfully file this Motion for Authority to Assign the WRA Agreement and Assume and Assign the Sonic Lease (the "Motion"), and in support thereof show the following.

### I. STATEMENT OF JURISDICTION

1. The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This Motion concerns the administration of the estates, in particular the assignment of property interests of the estates, and is therefore a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N) and (O).

2. Venue is proper in this Court under 28 U.S.C. § 1408.

---

[1] The debtors are Allegiance Commercial Development, L.P. ("ACD") Case No. 10-43853 and Allegiance Hawks Creek Commercial, L.P. ("AHCC") Case No. 10-43855 (collectively, "Debtors").

## II. FACTUAL BACKGROUND

3. On November 1, 2010 (the "Petition Date"), the Debtors commenced their Bankruptcy Cases by filing Voluntary Petitions for Relief under Chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committees have been appointed in these Bankruptcy Cases. The Bankruptcy Cases are jointly administered under Fed. R. Bankr. P. 1015(b).

5. The Debtors each own real property located in Tarrant County, Texas and are headquartered in Collin County at 17400 Dallas Parkway, Suite 100, Dallas, Texas. Both Debtors are commercial real estate developers and each are in the business of owning, developing, operating, leasing and selling their respective pieces of real property, which constitute a project known as Hawks Creek Commercial Shopping Center located at Westworth Village, Tarrant County, Texas (collectively, referred to as the "Shopping Center").

6. By instrument dated September 7, 2005, Westworth Redevelopment Authority ("WRA"), conveyed to AHCC, for a primary term of September 7, 2005, to December 31, 2098, all of WRA's right, title, and interest in certain lands located in the Shopping Center, including the Property (as defined below), together with all and singular all rights and appurtenances thereto in anywise belonging to the land. This conveyance is hereafter referred to as the "WRA Agreement." A Memorandum of the AHCC Agreement is recorded as Instrument No. D205270418, Official Public Records, Tarrant County, Texas.

7. Pursuant to the WRA Agreement, AHCC has ownership rights and interests to the real property located at Lot 5, Block 2, THE SHOPPES OF HAWKS CREEK ADDITION to the City of Westworth Village, Tarrant County, Texas, according to the plat recorded in Cabinet A,

Slide 11889, Real Property Records of Tarrant County, Texas ("Property") and the right to assign its interests therein. AHCC currently leases the Property to Sonic Restaurants, Inc. ("Sonic") pursuant to a lease agreement dated June 24, 2006 and as amended and reinstated ("Sonic Lease").

8. AHCC marketed the Property by concurrently using four different brokerage groups. The marketing effort included an "open listing" with brokerage groups Strategic Commercial Real Estate, The Retail Connection, L.P., Stan Johnson Company, and Kirby Mortgage and Investments. Each of these four brokerage groups not only has an extensive background in sales of investment properties, but also has an extensive nationwide network of contacts for institutional and individual buyers. With over 50 years of experience, Kirby Mortgage and Investments ("Kirby") was ultimately selected as the broker, representing the Purchaser and AHCC under an "open listing."

9. Through the marketing process, AHCC identified the Purchaser (defined below), who is willing and able to pay cash immediately for the Property. No other purchasers have any higher or better offers for the Property. The Purchaser owns many triple net ("NNN") ground leases and is nationally known as a buyer who typically pays at least market price and closes quickly on the assets purchased. Based on the feedback from the investment and brokerage community, as well as current comparable completed sales for Sonics, Kirby was able to structure a market price and contract at a price that was equal to or greater than any comparable sales of any comparable Sonic lease.

**DEBTORS' MOTION FOR AUTHORITY TO ASSIGN THE WRA AGREEMENT**
**AND ASSUME AND ASSIGN THE SONIC LEASE** **Page 3 of 9**

## III. PROPOSED TRANSACTION

10. AHCC and Sami Jamal, Fort Worth SDI Realty, LLC, and/or their designee ("Purchaser" or "Buyer") have entered into an Agreement of Sale and Purchase (the "APA")[2] for use in the proposed assignment of the Property interests to the Purchaser. The address of the Purchaser is 455 Central Park Avenue, Suite 312, Scarsdale, New York, 10583. The Purchaser is not, and shall not be, an insider of the Debtors or their management or professionals.

11. In addition, AHCC will assign the WRA Agreement to the Purchaser to the extent it relates to the Property, and assume and assign the Sonic lease. Sonic (located at c/o Kiran A. Phanasalker, Esquire, Conner & Winters, LLP, 211 N. Robinson Avenue, Suite 1700, Oklahoma City, OK 73102) is the tenant under the Sonic Lease.

12. A true, correct, and complete copy of the APA, as amended between the parties, for use in the proposed assignment to the Purchaser is attached hereto as Exhibit "A" and incorporated by reference herein. The Debtors will seek to approve the APA at the hearing hereon, as may be described herein.

13. The terms and conditions of the proposed assignment are more fully set forth in the APA. The consideration to be paid by the Purchaser to AHCC is in the amount of Nine Hundred and Forty Thousand Dollars ($940,000) (the "Transaction Price"). The closing of the assignment is contemplated to occur on or around April 19, 2011 or will proceed to closing thereafter as soon as practical after entry of a Court order approving the transaction and otherwise in compliance with the terms of the APA. The estimated costs of the assignment are as follows:

- Integral Real Estate Services, LLC, Consulting Fee: $18,800
- Kirby Mortgage and Investments, Broker's Fee: $18,800
- Royal Vision Management, Consulting Fee: $18,800

---

[2] Any defined terms used herein but not defined herein shall have the meaning given to such terms within the APA.

- Rattikin Title Company, Escrow fee, Courier fee/Overnight fee, Copies/Restrictions, Title Insurance, and Policy Guaranty Fee: $5,653.63
- Tarrant County Real Property Tax Service, Tax Report: $92.74.
- Angella Gregory, Legal Fees, up to $18,000
- Brittain & Crawford, LLC, Survey $2,489.75
- Credit to Purchaser/Rent Proration, $6,666.67[3]
- Legacy Bank, $850,697.21

LegacyTexas Bank (located at 5000 Legacy Drive, Suite 120, Plano, Texas 75024) ("Lender") has a lien on the Property. The Debtors are indebted to the Lender as follows:

(i) On or about July 31, 2006, ACD executed a (a) promissory note in the principal amount of $5,370,000 ("$5,370,000 Note") in favor of the Lender and (b) Deed of Trust (with Security Agreement and Assignment of Rents)("ACD Deed of Trust" executed by ACD and WRA). As of the Debtors' Petition Date, the principal balance of the $5,370,000 Note was approximately $1,259,907.25 plus accrued and accruing interest, costs, fees and expenses.

(ii) On or about March 31, 2008, ACD executed a (a) promissory note in the principal amount of $492,000 ("$492,000 Note") in favor of the Lender and (b) Deeds of Trust (with Security Agreement and Assignment of Rents)("Third ACD Deed of Trust" executed by ACD and WRA and "AHCC Third Deed of Trust" executed by AHCC and WRA). As of the Debtors' Petition Date, the principal balance of the $492,000 Note was approximately $491,984.32 plus accrued and accruing interest, costs, fees and expenses.

(iii) On or about September 30, 2008, AHCC executed (a) promissory notes in the principal amounts of $11,107,000, $6,440,000, and $846,000 (collectively the "AHCC Notes") in favor of the Lender, and (b) Deeds of Trust (with Security Agreement and Assignment of Rents) (which include, depending on the note at issue, the "AHCC Deed of Trust", "AHCC Second Deed of Trust", "AHCC Lot 2 Deed of Trust" executed by AHCC and WRA and "ACD Second Deed of Trust" executed by ACD and WRA). As of the Debtors' Petition Date, the principal balances of the AHCC Notes were approximately $8,224,114.52, $6,435,743.99 and $846,000, respectively, plus accrued and accruing interest, costs, fees and expenses.

(iv) The AHCC Notes along with the $5,370,000 Note, and the $492,000 Note are collectively defined as the "Notes." The ACD Deed of Trust, ACD Second Deed of Trust, ACD Third Deed of Trust, AHCC Deed of Trusts, AHCC Second Deed of Trust, AHCC Third Deed of Trust and AHCC Lot 2 Deed of Trust are collectively referred to as "Security Instruments."

---

[3] The rent pro-ration may change based on when the transaction closes.

The prior and contemporaneous sale/assignment motions and orders will allow the Debtors to make significant payments to Lender on the foregoing debt.

14. The parties may clarify and/or amend the APA before the conclusion of the period for responses to this Motion and before the entry of an order on the Motion; however, Exhibit "A" substantially reflects the operative terms and conditions for the assignment of the Property.

15. At closing, the Purchaser shall execute and/or deliver to the Debtors the following to consummate the proposed assignment:

(a) immediately available funds in an amount equal to the Transaction Price less any closing costs for which AHCC is responsible under the APA;
(b) all other matters listed in section 6.03 of the APA; and
(c) all other items as required and described in the APA.

16. At closing, the Debtors shall execute and/or deliver to the Purchaser the following to consummate the proposed assignment:

(a) an assignment in the form reasonably acceptable to the parties, duly executed by the appropriate Debtors, assigning the WRA Agreement to Purchaser;
(b) an assignment in the form reasonably acceptable to the parties, duly executed by the appropriate Debtors, assuming and assigning the Sonic Lease to Purchaser;
(c) all other matters listed in section 6.02 of the APA;
(d) and all other items as required or described in the APA.

## IV. **RELIEF REQUESTED**

17. The Debtors request entry of an order pursuant to 11 U.S.C. § 363(f)(2) and (5) (it is understood that the Lender consents to this sale/assignment) and §365, substantially in the form attached hereto as Exhibit "B", authorizing AHCC to sell, transfer, convey, deliver, and assign its interests in the Property and the WRA Agreement as it relates to the property defined above, and assume and assign the Sonic Lease pursuant to the APA, to the Purchaser or his or its designee free and clear of any liens, claims, and encumbrances as permitted under 11 U.S.C. § 363(f) and in accordance with the APA described above. After a diligent review, no secured taxes are due related to the Property.

18.  This Motion also constitutes a request for relief under Section 365 of the Code with respect to the APA. AHCC wishes to assume and assign the Sonic Lease to the Purchaser. There are no amounts due to cure any defaults under the Sonic Lease. The Debtors request that any objections to such assumption and cure amounts shall be filed and served upon the Debtors no later than 12:00 p.m. (noon) on the business day prior to the day of the hearing on the Motion. As proposed in this Motion, the bankruptcy estates under the administration of the Debtors will not be responsible for any cure costs.

19.  The Debtors further request, in the event the Motion is granted, that AHCC be permitted to proceed to closing either as soon as practical after entry of a Court order approving the transaction or as otherwise in compliance with the terms of the APA, and that the fourteen-day stay of Bankruptcy Rules 6004(h) and 6006(d) be dissolved.

## V.  BASIS OF RELIEF

20.  The Debtors believe that the consideration to be received for the Property constitutes a reasonable and fair consideration for such Property. However, the Debtors disclose the following qualifications and limitations concerning this proposed transaction.

21.  The Purchaser's offer appears to be the most credible and/or practical offer for the Property that AHCC has received as of the date of this Motion. AHCC retained outside professionals to market the Property who will be compensated in the form of a commission to be paid at closing as described in this Motion. AHCC believes that the Transaction Price is a reasonable price for the Property, WRA Agreement, and Sonic Lease based upon the current market conditions for similar properties and based upon offers or investigations as to the valuation of the Property, WRA Agreement, and Sonic Lease.

22.  Except as otherwise specifically provided in the APA, AHCC will make no warranties, implied or express, concerning the Property, WRA Agreement, or Sonic Lease, their

merchantability, or their fitness for any purpose, and the Property, WRA Agreement, and Sonic Lease shall be delivered "as is, where is" and "with all faults" as provided under the APA.

23. The Debtors believe that the proposed assignment of the WRA Agreement to the extent it relates to the Property, and assumption and assignment of the Sonic Lease to the Purchaser for the stated consideration constitutes an exercise of sound business judgment of the Debtors.[4]

24. The Debtors may withdraw this Motion at any time prior to the conclusion of the Court hearing on this Motion, without further obligation to any party except as may be provided with respect to the Purchaser under the APA. Furthermore, the Debtors may amend this Motion for any changes to this Motion or the transaction documents requested by the Purchaser to which the Debtors do not object (subject still to Court approval of the transaction).

25. As time is of the essence, and for the reasons set forth above, the Debtors also request that the fourteen-day stay of Bankruptcy Rules 6004(h) and 6006(d) be dissolved.

## VI. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request an order authorizing the sale/assignment of the above-described interests in Property, assignment of WRA Agreement to the extent it relates to the Property, and assumption and assignment of the Sonic Lease, and for such other and further relief as the Debtors may be entitled at law or in equity.

---

[4] *See The Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc. (In re Continental Air Lines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986); *see also Mims v. Kennedy Capital Management (In re Performance Nutrition, Inc.)*, 239 B.R. 93, 111-12 (Bankr. N.D. Tex. 1999).

Dated: April 7, 2011.　　　　　　　　　　Respectfully submitted,

**THE CURTIS LAW FIRM, P.C.**

　_/s/ Mark A. Castillo_
Stephanie D. Curtis
Texas State Bar No. 05286800
Mark A. Castillo
Texas State Bar No. 24027795
Jason M. Katz
Texas State Bar No. 24038990
901 Main Street, Suite 6515
Dallas, Texas 75202
Telephone: 214.752.2222
Facsimile: 214.752.0709

**COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION**

**CERTIFICATE OF SERVICE**

　　　This is to certify that, on April 7, 2011, a true and correct copy of foregoing has been served via ecf (full copy of Motion with all exhibits) and via email and/or fax where known, or otherwise by regular US Mail (a copy of the Motion and proposed order without Ex. A (APA); a copy of Ex. A (APA) is available on Pacer and will be provided upon request to Jason M. Katz) on the parties on the attached service list and the parties listed below:

| | |
|---|---|
| Sami Jamal<br>455 Central Park Avenue,<br>Suite 312,<br>Scarsdale, New York, 10583<br>Fax: 914.713.3517<br>samijamal@aol.com | Sonic Restaurants, Inc.<br>c/o Kiran A. Phanasalker, Esquire<br>Conner & Winters, LLP<br>211 N. Robinson Avenue<br>Suite 1700<br>Oklahoma City, OK 73102<br>Fax: 405.232.2695<br>kphansalkar@cwlaw.com |

　　　　　　　　　　　　　　　　　　_/s/ Mark A. Castillo_
　　　　　　　　　　　　　　　　　　Mark A. Castillo