Michael Hassett
Jonathan Finke
JONES & CANNON,
 a professional corporation
440 North Center
Arlington, Texas 76011
(817) 265-0440
(817) 265-1440 (fax)
ATTORNEYS FOR WESTWORTH REDEVELOPMENT AUTHORITY

**United States Bankruptcy Court**
**Eastern District of Texas**
**Sherman Division**

| | | |
|---|---|---|
| **In Re**: | § | |
| | § | |
| **Allegiance Hawks Creek** | § | |
| **Commercial, L.P.,** and | § | case no. 10-43853-btr |
| **Allegiance Commercial Development, L.P.,** | § | case no. 10-43855 |
| | § | Jointly Administered |
| debtors. | § | |
| | § | chapter 11 |

### Westworth Redevelopment Authority's Motion to Reconsider

Westworth Redevelopment Authority (**"WRA"**), a creditor in this Chapter 11 case, presents this motion to the court and asks the court to reconsider its order (the **"Order"**) granting Allegiance Hawks Creek Commercial, L.P.'s (**"AHCC"**) and Allegiance Commercial Development, L.P.'s (**"ACD"**) (collectively **"Debtors"**) motion for an order authorizing assumption of unexpired lease of nonresidential real property, entered on March 31, 2011.

I.

1.  On October 14, 2003, WRA and ACD entered into a ground lease agreement (the **"ACD Agreement"**) for certain lands located in Westworth Village, Tarrant County, Texas. Subsequently, on September 7, 2005, WRA and AHCC entered into a ground lease agreement (the **"AHCC Agreement"**) for certain lands located in Westworth Village, Tarrant County, Texas (collectively the **"Agreements"**). WRA requests that the court take judicial notice of the Agreements already on file with the court.

2.  Under the terms of the ACD Agreement, WRA made a seller finance loan (the

**"Phase II Seller's Loan"**) to ACD in the amount of $3,200,000.00, and ACD executed a promissory note (the **"Phase II Seller's Note"**) in favor of WRA for the same amount.

3. Under the terms of the AHCC Agreement, WRA made a seller finance loan (the **"Phase III Seller's Loan"**) to AHCC in the amount of $1,962,103.00 and AHCC executed a promissory note (the **"Phase III Seller's Note"**) in favor of WRA for the same amount.

4. On August 15, 2007, AHCC executed a promissory note (the **"Phase III Site Note"**) in favor of WRA in the amount of $2,139,000.00.

5. On October 1, 2010, WRA's attorneys, Cantey Hanger, L.L.P., sent notice to Debtors that Debtors were in default of the Agreements because Debtors had failed to make one or more payments required under the Phase II Seller's Note, the Phase III Seller's Note, and the Phase III Site Note (collectively, the **"Notes"**), and in accordance with the terms of the Notes, WRA had accelerated the debts referenced in the Notes. A true and correct copy of the demand letter is attached to this motion as exhibit "a," and is incorporated by reference.

6. As of September 30, 2010, the Debtors owed to WRA, including accrued interest, $884,574.12 on the Phase II Seller's Note, $2,391,089.16 on the Phase III Seller's Note, and $2,240,816.40 on the Phase III Site Note.

7. On November 1, 2010, Debtors filed a petition for bankruptcy under Chapter 11 of the bankruptcy code.

8. On March 1, 2011, Debtors filed a motion with the court (the **"Motion"**), requesting an order authorizing Debtors' assumption of the Agreements. The motion contained language directing any party opposed to the relief sought by the Motion to file a written response within 21 days of the Motion.

9. On March 16, 2011, an order was entered by the court, substituting the firm of Jones & Cannon, P.C., as attorneys of record for WRA. Jones and Cannon, P.C. failed to receive notice of the Motion and the objection deadline date.

10. On March 31, 2011, after no objections to the Motion were filed, the court entered the Order, granting the Motion and allowing Debtors to assume the Agreements. As part of the Order, the court ordered that no cure payment would be required for Debtors' assumption of the Agreements.

11. The court should reconsider the Order, since at the time of the bankruptcy filing, Debtors were in default of the Notes and owed WRA $5,516,479.68. Under Section 365(b)(1) of

the Bankruptcy Code, Debtors are required to cure the default under the Notes, or provide adequate assurance that they will promptly cure such default. Debtors have failed to cure the default or provide adequate assurance that they will promptly cure such default. Therefore, the court should reconsider its order, and enter a new order requiring Debtors to cure such existing defaults under the Notes at the time of assumption, or provide adequate assurance that they will promptly cure such defaults.

II. **Argument**

A. <u>The Debtors Have Failed to Cure or Provide Adequate Assurance That They Will Promptly Cure the Default Under the Lease.</u>

12. Section 365(b)(1) of the Bankruptcy Code states that:

> if there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of the assumption of such contract or lease, the trustee—
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default…; and
> (C) provides adequate assurance of future performance under such contract or lease.

13. According to the Agreements, Debtors were required to make payments to WRA under the terms of the Notes. As of September 30, 2010, Debtors had failed to make the required payments. Accordingly, WRA gave Debtors notice that they were in default of the Agreements, that WRA had accelerated the debts referenced in the Notes, and WRA made a formal demand for payment. Debtors failed to make any of the demanded payments. As of the date of the filing of this bankruptcy proceeding, Debtors owed WRA $5,516,479.68.

14. In the Motion, Debtors requested the court enter an order stating that no cure payment would be required for the Debtors' assumption of the Agreements, despite Debtors owing $5,516,479.68 to WRA under the Agreements.

15. On March 31, 2011, the court entered the Order, granting the Motion allowing Debtors to assume the Agreements. As part of the Order, the court ordered that no cure payment would be required for Debtors' assumption of the Agreements.

16. Prior to the bankruptcy filing, defaults existed under the Agreements, and Debtors were given notice of such defaults. Under Section 365(b)(1), Debtors should be required to cure

such defaults at the time of assumption of the Agreements, or provide adequate assurance that such defaults will be cured.

17. Debtors have failed to satisfy the requirements of Section 365(b)(1) in that they have failed to cure the default under the Agreements or provide adequate assurance that they will promptly cure the default under the Agreements.

18. Therefore, WRA requests that the court reconsider the Order and enter a new order, requiring Debtors to cure the defaults in the Agreements, or provide adequate assurance that they will promptly cure such default.

B. <u>The Court Should Reconsider the Order, Because Allowing the Order to Stand Will Be Against the Principles of Fairness and Equity.</u>

19. On March 1, 2011, Debtors filed the Motion, requesting an order authorizing Debtors assumption of the Agreements with no cure payment required. The motion contained language directing any party opposed to the relief sought by the Motion to file a written response within 21 days of the Motion.

20. On March 16, 2011, Jones & Cannon, P.C. was substituted as attorneys of record for WRA.

21. Based on the date of the substitution, Jones & Cannon, P.C. failed to receive notice of the Motion and the impending objection deadline date, and, therefore, failed to file an objection to the Motion.

22. As stated above, Debtors have failed to cure, or provide adequate assurance that they will promptly cure the default under the Agreements. Specifically, Debtors have failed to cure defaults under the Agreements in the amount of $5,516,479.68 owed to WRA.

23. The court should reconsider the Order, because allowing the Order to stand will prevent WRA from realizing the benefit of its bargain with Debtors, and will prevent WRA from obtaining equitable and just relief.

## Prayer

WRA respectfully requests that this court reconsider the order granting Debtors' motion for an order authorizing assumption of unexpired lease of non-residential real property, enter an order requiring Debtors to cure the defaults existing under the Agreements prior to assumption, and for such other general relief to which WRA may be entitled.

Respectfully submitted,

JONES & CANNON,
 a professional corporation

by: \s\ *Michael Hassett*
Michael Hassett
Texas Bar No. 00796722

Jonathan H. Finke
Texas Bar No. 24059749

440 North Center
Arlington, Texas 76011
(817) metro 265-0440
telecopier (817) 265-1440

ATTORNEYS FOR WESTWORTH
REDEVELOPMENT AUTHORITY

## Certificate of Conference

This shall certify that I contacted Jason Katz, opposing counsel, on the 22th day of April, 2011, to discuss the merits of this motion. Mr. Katz opposes this motion, therefore it is presented to the court.

\s\ *Michael Hassett*

## Certificate of Service

The undersigned certifies that a true and correct photocopy of the foregoing instrument was served upon the attorneys of record and on all parties in interest by electronic means and/or first class mail, on this 22th day of April, 2011.

                                                                                                            \s\ *Michael Hassett*